# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARHONDA SMITH, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. CIV-17-905-STE ) |
| NANCY BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-28). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2012, her alleged onset date. (TR. 17). At step two, the ALJ determined Ms. Smith had the following severe impairments: obesity; fibromyalgia; parenchymal disease; and asthma. (TR. 18). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21).

At step four, the ALJ concluded that Ms. Smith retained the residual functional capacity (RFC) to:

> [P]erform a modified range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift and carry 20 lbs. occasionally and 10 lbs. frequently; stand and walk six hours in an eight-hour workday; and sit six hours in an eight-hour workday. She can frequently stoop, kneel, crouch, and crawl. The claimant must avoid more than occasional exposure to extreme cold, vibration, and pulmonary irritants.

(TR. 21-22). At step four, the ALJ concluded that Plaintiff had no past relevant work. (TR. 25). Accordingly, the ALJ proceeded to step five. In doing so, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 70). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 70). The ALJ

adopted the testimony of the VE and concluded that Ms. Smith was not disabled based on her ability to perform the identified jobs. (TR. 27).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV. ISSUES PRESENTED

On appeal, Plaintiff alleges error: (1) at step two, (2) in the consideration of her obesity, and (3) in the consideration of an opinion from a Physician's Assistant (PA).

### V. NO ERROR AT STEP TWO

At step two, the ALJ concluded that Ms. Smith suffered from severe impairments involving: obesity; fibromyalgia; parenchymal disease; and asthma. (TR. 18). Ms. Smith alleges that the ALJ erroneously failed to find "severe" impairments involving hypertension, diabetes, and low back and joint pain. (ECF No. 19:18-21). The Court disagrees.

"Once an ALJ finds that a claimant has at least one severe impairment, he does not err in failing to designate other disorders as severe at step two, because at later steps the agency will consider the combined effect of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Barrett v. Astrue,* 340 F. App'x 481, 484 (10th Cir. 2009) (internal citation omitted). Because the ALJ found Plaintiff had at least one severe impairment, that "was all the ALJ was required to do in that regard." *Oldham v. Astrue,* 509 F.3d 1254, 1256–1257 (10th Cir. 2007). Consequently, the undersigned "can easily dispose of" Plaintiff's step-two challenge. *Oldham,* 509 F.3d at 1256; *see also Brescia v. Astrue,* 287 F. App'x 626, 629 (10th Cir. 2008) ("Once an ALJ has found that a claimant has at least one severe impairment, a failure to designate another disorder as 'severe' at step two does not constitute reversible error....").

## VI. NO ERROR IN THE CONSIDERATION OF OBESITY

Ms. Smith contends that the ALJ failed to properly analyze Plaintiff's obesity and consider the effects of the impairment throughout the sequential evaluation process, as required by Social Security Ruling (SSR) 02-1p. (ECF No. 19:16-18). SSR 02-1p requires an ALJ to consider the effects of obesity when assessing the RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, 2000 WL 628049, at *1 (Sept. 12, 2002). Thus, an ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments," but rather, must "evaluate each case based on the information in the case record." *Id.* at *6. According to

4

Ms. Smith, the ALJ: (1) provided an improper rationale in discounting the obesity and (2) failed to assess certain limitations related to the impairment. (ECF No. 19:16-18). Neither argument has merit.

First, Ms. Smith criticizes the ALJ's acknowledgment and discussion of Plaintiff's testimony regarding her obesity. At the hearing, Plaintiff testified: (1) her obesity "affect[ed] her] breathing" and (2) her bones "felt like they [were] grinding" when she walked, which she attributed to her weight. (TR. 62). The ALJ acknowledged the testimony, but found that Plaintiff's statements concerning the "intensity, persistence, and limiting effects" of the symptoms she described to be "not entirely consistent with the medical evidence and other evidence in the record." (TR. 23). In so doing, the ALJ noted:

> The claimant is also obese, with a BMI generally in the mid-to-upper 30s. Treatment providers have consistently emphasized the claimant's need to diet, exercise, and lose weight. The claimant testified that she has made unsuccessful attempts to lose weight and that she feels her weight puts stress on her bones and joints, causing pain.

(TR. 23) (internal citations omitted). Plaintiff takes issue with the ALJ's statements for two reasons, but neither challenge has merit.

First, Plaintiff argues that the ALJ's statements are "at odds with SSR 02-1p, which states that [o]besity is a life-long disease and [d]espite short-term progress, most treatments for obesity do not have a high success rate." (ECF No. 19:17) (internal citation omitted) (brackets in original). This argument essentially asks the Court to re-weigh the evidence in Plaintiff's favor based on select comments about obesity in the SSR. But generalities regarding the impairment are irrelevant and the Court may not reweigh the

evidence. *See supra*, *Vigil*, 805 F.3d at 1201 (noting that the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."); *Adair v. Berryhill*, No. CIV-16-1119-R, 2018 WL 1304839, at *2 (W.D. Okla. Mar. 13, 2018) ("the ALJ clearly considered obesity, and the Court declines to reweigh the evidence.").

Second, Ms. Smith states that the ALJ improperly discounted the effects of Plaintiff's obesity by relying on her failure to lose weight. (ECF No. 19:17-18). According to Plaintiff, the ALJ improperly treated recommendations for Plaintiff to lose weight as "prescribed treatment," and thereafter improperly relied on Plaintiff's failure to follow the "prescribed treatment" without undergoing the requisite analysis. (ECF No. 19:17-18). But this argument fails, because the ALJ did not treat the recommendations as "prescribed treatment" nor did she thereafter cite Plaintiff's failure to lose weight as a basis for discounting the impact of the obesity. Instead, the ALJ simply noted the facts—treatment providers had advised Ms. Smith to lose weight. (TR. 23). The ALJ actually discounted the obesity based on:

- the absence of a musculoskeletal condition,
- "normal" x-rays and physical examinations,
- "normal" muscle tone and strength, and
- treatment of joint pain through the use of NSAIDs.

(TR. 23-25). This discussion was sufficient, particularly in light of Plaintiff's failure to cite to any medical evidence which supported her opinion that the obesity had resulted in particular functional limitations. *See Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) ("[T]he ALJ did discuss possible ramifications of [plaintiff's] obesity when he

addressed the lack of marked arthritic pain, joint deformity, or musculoskeletal impairment. Claimant does not discuss or cite to medical evidence about other areas which were impacted by her obesity.").

In addition to criticizing a portion of the ALJ's discussion regarding obesity, Ms. Smith also argues that the ALJ failed to assess limitations in the RFC related to the impairment involving her breathing and her ability to walk in the RFC. (ECF No. 19:16-17). The Court disagrees.

Once a claimant's impairments are deemed severe at step two, the ALJ has a duty to discuss their impact throughout the remainder of the disability determination. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). Indeed, in formulating the RFC, the ALJ must discuss the combined effect of *all* the claimant's medically determinable impairments, both severe and nonsevere. *See Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013). However, the presence of an impairment, albeit severe, does not necessarily equate to corresponding limitations in the RFC. *Cavalier v. Colvin*, 2014 WL 7408430, at *2 (N.D. Okla. 2014).

As stated, Plaintiff had testified that her obesity "affect[ed] her] breathing" and her bones "felt like they [were] grinding" when she walked, which she attributed to her weight. (TR. 62). But Ms. Smith fails to argue what functional limitations she believed should be derived from her testimony or how her allegations are inconsistent with the RFC for light work. Accordingly, the Court rejects Plaintiff's argument regarding functional limitations related to breathing or walking being included in the RFC. *See McAnally v. Astrue*, 241 F. App'x. 515, 518 (10th Cir. 2007) (affirming in part because "with regard to [her severe impairments], the claimant has shown no error by the ALJ because she

7

does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations" (citation and internal brackets omitted)); *Howard v. Barnhart*, 379 F.3d at 948 (rejecting plaintiff's obesity challenge because "her testimony about her daily activities does not contradict the ALJ's conclusion that she can perform light work."); *Smith v. Colvin*, 625 F. App'x 896, 899 (10th Cir. 2015) (rejecting Plaintiff's obesity challenge because plaintiff "has not shown that her obesity alone, or in combination with other impairments, resulted in any further limitations [beyond those imposed in the RFC].").

## VII. NO ERROR IN THE CONSIDERATION OF THE PA's OPINION

Plaintiff alleges error in the evaluation of an opinion from PA Valerie Stockton. The Court disagrees.

### A. ALJ's Duty to Consider Evidence from "Other Sources"

Tenth Circuit law and Social Security Ruling 06-3p state that the ALJ must consider evidence from "other sources," who do not qualify as "acceptable medical sources." *Blea v. Barnhart*, 466 F.3d 903, 914-15 (10th Cir. 2006); Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at *4, *6 (SSR 06-3p). "Medical sources who are 'not acceptable medical sources,' [include] . . . physician assistants[.]" SSR 06-03-p, at *2.

Opinions from these "non-medical sources" who have seen the claimant in an official capacity should be evaluated using the following factors: (1) the length and

frequency of the treatment, (2) consistency of the opinion with other evidence, (3) the degree to which the source presents relevant evidence in support, (4) how well the source explains the opinion, (5) the level of the source's expertise, and (6) any other relevant factors. *Id.* at *5.

In evaluating "other source" evidence, not every factor will apply in every case. *Id.* However, the ALJ should explain the weight given to the "other source," ensuring that the decision allows a reviewing party to follow the adjudicator's reasoning. *Id.*

### B. No Error in the ALJ's Consideration of Ms. Stockton's Opinion

From October 2009 through January 2016, Edmond Access Medical Clinic PA Valerie Stockton treated Plaintiff for a variety of complaints, including chronic pain. (TR. 386, 411-421, 430-441, 446-452, 465-485, 559, 563-568, 623-626, 654-671). On March 7, 2016, Ms. Stockton authored a letter which stated:

> This letter is to state that patient Larhonda Smith cannot lift over 5 pounds, cannot stand more than 3 to 4 hours in an 8 hour work day, and needs to be allowed to sit as needed to alleviate her back and hip pain.

(TR. 768). The ALJ acknowledged the letter, but rejected it for two reasons:

1. Lack of a corresponding physical examination with the functional restrictions in Ms. Stockton's treating notes and

2. Plaintiff's own testimony that she had failed to comply with Dr. Stockton's lifting restrictions.

9

(TR. 25).[1] According to Ms. Smith, the ALJ "failed to evaluate any of the factors set forth in SSR 06-3p, and rejected the opinion of P.A. Stockton with very little analysis." (ECF No. 19:12). The Court disagrees. In evaluating Ms. Stockton's opinion, the ALJ noted:

- "years" of treatment notes from Ms. Stockton,

- a lack of evidence to support the functional restrictions in Ms. Stockton's records,

- the fact that Ms. Stockton was Plaintiff's primary care provider, and

- Plaintiff's own admission that she had failed to comply with the restrictions.

(TR. 25). Thus, contrary to Plaintiff's argument, the ALJ considered factors one, three, five, and six as set forth in SSR 06-3p and provided an analysis that allowed this Court to follow her reasoning. *See supra*.

In what appears to be an attempt to persuade the Court that the ALJ should have fully credited Ms. Stockton's opinion, Plaintiff cites evidence which she apparently believes would support the inclusion of the functional restrictions from Ms. Stockton's letter in the RFC. Specifically, Plaintiff relies on:

- the fact that Ms. Stockton had treated Plaintiff for nearly 7 years,

- records from Ms. Stockton which documented complaints of back and hip pain and findings which showed pain, tenderness, and reduced range of motion upon examination, and

---

[1] Plaintiff states that the ALJ offered a third reason for rejecting Stockton's opinion—the fact that Stockton's treatment notes had encouraged diet, exercise, and weight loss. (ECF No. 19:12). According to Ms. Smith, the ALJ's reliance on Plaintiff's ability to walk, as part of her daily activities, was inconsistent with the ALJ's reliance on a recommendation to walk, as a basis to discount Stockton's opinion. (ECF No. 19:13-14). But the Court will not entertain this argument because the ALJ did not discount Stockton's opinion because the PA had encouraged weight loss, diet, and exercise. The ALJ merely cited those recommendations as examples of evidence included in Stockton's treatment notes after identifying what the records did not contain—a corresponding physical examination which noted the functional limitations as set forth in Stockton's 2016 letter. *See* TR. 25.

- findings from other physicians who documented Plaintiff's chronic pain, arthritis, and ambulation with a cane.

(ECF No. 19:12-13). As stated, the Court's scope of review is limited to determining whether the ALJ employed the proper legal analysis and substantial evidence supports the ultimate decision. *See supra*. Here, the ALJ engaged in a proper legal analysis of Ms. Stockton's opinion and Ms. Smith's argument essentially asks the Court to reweigh the evidence to reach a contrary conclusion. This the Court cannot do. *See Vigil*, *supra*. Plaintiff argues that the RFC is not supported by substantial evidence. The Court disagrees.

As Plaintiff pointed out, Ms. Stockton's records indicate Plaintiff:

- suffered from back pain, hip pain, joint stiffness, limb pain, knee pain, and myalgias,
- required the use of a cane for ambulation,
- had decreased range of motion in her left hip, back, arms, and legs,

(TR. 382, 386, 389, 392, 394, 399, 415, 426, 428, 430, 438, 443, 444, 450, 466, 470, 473, 475, 486, 489, 658, 662, 664, 667). Due to these conditions, Ms. Stockton noted that Plaintiff should "avoid heavy exertion." (TR 385, 402, 429, 445).

The ALJ acknowledged Plaintiff's pain, noting:

- that it had remained "relatively stable" over the years, during which time Plaintiff had worked as a home-health aide and
- Plaintiff's use of various NSAIDs to control the pain.

(TR. 24-25). In further support of his RFC, the ALJ:

- noted that Plaintiff's daily activities indicated she was able to perform "light" exertion,

- stated that a limitation to "light work" accommodated Ms. Stockton's restriction on heavy exertion,

- relied on opinions from State agency physicians who had opined an RFC for light work, and

- specifically accommodated Plaintiff's joint and back pain by limiting her level of stooping, kneeling, crouching, and crawling.

(TR. 24, 25). This evidence provides substantial support for the RFC and is not overwhelmed by the evidence cited by Ms. Smith. Accordingly, the Court rejects Ms. Smith's challenges to the ALJ's evaluation of Ms. Stockton's opinions.

## ORDER

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **AFFIRMS** the Commissioner's decision.

ENTERED on July 5, 2018.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE